73 F.3d 357
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Elmer ELLISON, Petitioner,
v.
RANGER FUEL CORPORATION; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 95-2175.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 17, 1995.
Decided Dec. 7, 1995.
 
 Before MURNAGHAN and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Elmer Ellison seeks review of a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1995). Benefits were denied in this case based on the ALJ's determination, affirmed by the Board, that Ellison failed to establish that he contracted pneumoconiosis. On appeal, Ellison contends that this determination was impermissibly made solely on the basis of negative X-ray evidence, in violation of 20 C.F.R. Sec. 718.202(b) (1995). Because we find that the ALJ considered all relevant evidence in finding no pneumoconiosis, we disagree.
 
 
 2
 It is undisputed that Ellison's evidence was insufficient to establish pneumoconiosis pursuant to 20 C.F.R. Sec. 718.202(a)(1)-(3) (1995). Thus, Ellison could only establish pneumoconiosis in this case by means of medical reports under section 718.202(a)(4). Dr. Rasmussen submitted the only medical reports of record which arguably tend to support Ellison's burden. The ALJ rejected his findings, however, and accorded more weight to Dr. Zaldivar's report, which found no evidence of pneumoconiosis.
 
 
 3
 On appeal, Ellison does not challenge the propriety of the ALJ's weighing of the evidence, and we find that the ALJ provided numerous rational and legally proper reasons for rejecting Dr. Rasmussen's opinion in favor of the conflicting opinion of Dr. Zaldivar, which was corroborated by all remaining physicians of record. Rather, Ellison essentially contends that the discussions provided by the ALJ, Dr. Zaldivar, and the physicians who agreed with him of the various factors they considered in finding no pneumoconiosis are not credible. In Ellison's view, the ALJ, and the physicians he relied on, primarily based their opinions on the negative X-ray evidence of record, and only then searched for other reasons to support their conclusions.
 
 
 4
 We note initially that the regulations relating to proof of pneumoconiosis reflect that X-ray evidence is highly pertinent to this issue. In fact, the regulations permit the establishment of this element solely on the basis of positive X-ray evidence. See 20 C.F.R. Sec. 718.202(a)(1) (1995). Nothing in section 718.202(b), which prohibits denial of a claim based "solely" on "a" negative X-ray, directs that such relevant evidence be ignored if it proves to be negative rather than positive. Moreover, section 718.202(b) does not speak to the weight which a physician may or may not give to either negative or positive X-ray evidence in reaching his conclusions, and we will not encroach upon the expertise of physicians by reading any such requirement into the regulation. Finally, we note that the physicians who found no pneumoconiosis in this case purported to rely on many factors other than X-rays in reaching their conclusions. As an appellate court, we are unable to consider whether such claims are credible, as it is the province of the ALJ to weigh the evidence. See White v. Newport News Shipbuilding & Dry Dock Co., 633 F.2d 1070, 1075 (4th Cir.1980).
 
 
 5
 Because Ellison identifies no reversible error committed by the Board or ALJ in finding no pneumoconiosis, we affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED